IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>    Plaintiff,<br><br>v.<br><br>**CHARLES MICHAEL BEATTY**,<br><br>    Defendant. | Civil Action No. 7:12-CR-41 (HL) |

### ORDER

Before the Court is Defendant Charles Michael Beatty's Motion to Video Record Psychiatrist/Psychologist Examination (Doc. 54) and Defendant's Brief in Memorandum In Support of Defendant's Motion and Amended Motion to Video Record Psychiatrist/Psychologist Examination (Doc. 57).  On May 27, 2015, the Court ordered that Defendant be examined by a psychiatrist or psychologist to determine his sanity at the time of the charged offense.  Defendant now asks that this evaluation be recorded by video, pursuant to 18 U.S.C. § 4247(f) and the American Bar Association's (ABA) Criminal Justice Mental Health Standard 7-3.6(d).  Defendant's motion and amended motion are denied.

Defendant's reliance on 18 U.S.C. § 4247(f) is misplaced.  Defendant's sanity evaluation was ordered pursuant to 18 U.S.C. § 4242(a).  Section 4247(f), which allows a defendant to request video recording in some situations,

specifically excludes evaluations ordered pursuant to § 4242.  Accordingly, there is no statutory basis for the Court to grant Defendant's request.

Further, Defendant has provided no compelling reason for the Court to micromanage the evaluation process.  In his amended motion, Defendant cites the ABA's standard governing procedures during mental health evaluations as a justification for video recording Defendant's evaluation.  The Standard provides that, "[a]ll court-ordered evaluations of defendant initiated by the prosecution should be recorded on audiotape or, if possible, on videotape, and a copy of the recording should be provided promptly to the defense attorney."  ABA Standards for Criminal Justice, Mental Health § 7-3.6(d) (1984).  The ABA Standards for Criminal Justice provide guidance for the Court's decisions, but are not binding.  Wiggins v. Smith, 539 U.S. 510, 522 (2003).

Defendant has failed to provide adequate justification for the Court to rely on the ABA Standard in this case.  The present evaluation of Defendant is not the first ordered by the Court.  On June 12, 2014, the Court directed that Defendant undergo a psychiatric or psychological evaluation to determine his competence to stand trial (Doc. 22).  That Order directed that the evaluation be videotaped.  Dr. Heather Ross, who completed that evaluation and who is conducting the present evaluation, contacted the Court to express her concern about the logistics of videotaping her sessions with the Defendant and the

considerable delay it would cause. The Court subsequently revised its Order to exclude the video requirement (Doc. 23).

The logistics concern remains. Additionally, Dr. Ross commenced her evaluation process prior to the filing of Defendant's motion, and there is no means of recapturing those sessions. The Court also shares in Dr. Ross's assessment that recording the sessions may adversely impact the authenticity of the evaluation, as Defendant likely will play to the camera. The Court accordingly denies Defendant's motion and amended motion.

**SO ORDERED**, this the 11th day of August, 2015.

                                                   */s/ Hugh Lawson*
                                                   **HUGH LAWSON, SENIOR JUDGE**

les